UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                Plaintiff,

v.                                                                        Case No. 13-CV-6109-FPG

                                                                                      DECISION AND ORDER

RONALD TUTTLE,

                                Defendant.

Defendant Ronald Tuttle ("Tuttle") was convicted after a jury trial of four felony narcotics offenses related to the importation of MDPV, and on January 6, 2015, he was sentenced to 97 months imprisonment. *See* ECF No. 67. Tuttle appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit, arguing that the Court's jury instructions were improper, and that the evidence at trial was insufficient to sustain his convictions. By Summary Order dated April 21, 2016, the Second Circuit rejected Tuttle's contentions (ECF No. 77), and on August 26, 2016, the Second Circuit denied Tuttle's applications for panel rehearing or rehearing *en banc*.

On November 23, 2016, Tuttle filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 (ECF No. 78), and on December 2, 2016, he filed a separate application (ECF No. 79) seeking to challenge his conviction. Given Defendant's *pro se* status, the Court ordered that the two filings (ECF Nos. 78, 79) be treated as a consolidated Petition, and by Order dated December 14, 2016, the Court directed the government to respond to both filings. *See* ECF No. 80.

Subsequent to the Court's December 14, 2016 Order, Tuttle has engaged in a pattern of repetitive and abusive filings, submitting no less than 34 applications that comprise over 570 pages, in which Tuttle primarily seeks to supplement his original habeas Petition with new arguments. *See, e.g.,* ECF Nos. 81 (22 pages), 84 (24 pages), 85 (29 pages), 87 (19 pages), 88 (4 pages), 89 (4 pages), 90 (70 pages), 91 (14 pages), 92 (24 pages), 93 (2 pages), 94 (22 pages), 95 (6 pages), 96 (20 pages), 101 (12 pages), 102 (13 pages), 103 (10 pages), 104 (12 pages), 105 (5 pages), 106 (10 pages), 108 (30 pages), 109 (18 pages), 111 (20 pages), 112 (20 pages), 113 (8 pages), 115 (10 pages), 116 (9 pages), 117 (6 pages), 118 (30 pages), 119 (13 pages), 120 (14 pages), 121 (14 pages), 122 (20 pages), 123 (20 pages), 124 (18 pages).

These filings – the latest of which arrived today – are abusive, repetitive, and are preventing the adjudication of Tuttle's habeas Petition. It is inappropriate for Tuttle to repeatedly file motions seeking similar relief, and it is inappropriate for him to continually seek to supplement his prior submissions. Indeed, Tuttle is now seeking to supplement his submissions on almost a weekly basis. Such repetitive and abusive filings are not appropriate, and will not be tolerated. Page limitations and scheduling orders exist so that the Court can efficiently move cases towards their resolution, while providing litigants with a fair opportunity to present their arguments in a concise fashion. Tuttle has not abided by those limitations in this case, and he is hereby warned that further abusive filing practices may lead to the imposition of an order prohibiting the filing of further submissions on his behalf.

Because these filings are repetitive, abusive, and do not allow the parties or the Court to respond or address Tuttle's arguments in an organized fashion, Tuttle's motions to supplement, amend, dismiss, or for similar relief are DENIED. However, understanding that Tuttle wishes to amend his Petition, the Court will provide him with an opportunity to do so. Specifically, to

move this Petition forward, and so that the government may respond to the Petition and the Court may issue a ruling, the Court will give Tuttle his choice of the following two options:

Option One: Tuttle may inform the Court that he wishes to proceed on his original and supplemental habeas petitions (ECF Nos. 78, 79), without any of the numerous supplements listed above, and the government will then respond to those two filings (ECF Nos. 78, 79) within 45 days of Tuttle's notification letter, and Tuttle will have 20 days upon receipt of the government's answer to file a reply. The Court will then issue a ruling on the Petition.

Option Two: If Tuttle wishes to re-cast his original filings, as a matter of discretion, the Court will allow him to do so. If Tuttle chooses this option, his original petitions and supplemental filings will be deemed withdrawn, and will be replaced with an amended petition that Tuttle must submit by July 17, 2017, and which may not exceed 40 pages in length (which is an enlargement from the ordinary limit of 25 pages). After receiving that submission, the government shall respond to the amended petition within 45 days of filing, after which Tuttle will have 20 days upon receipt of the government's answer to file a reply. The Court will then issue a ruling on the Petition.

Tuttle shall notify the Court, in writing, and within 10 days of receiving this Order, whether he elects to proceed under Option One or Option Two, as outlined above. After receiving that response, the case will proceed in accordance with the instructions outlined above for the option that Tuttle selects.

Finally, Tuttle has moved for the appointment of counsel. ECF No. 82. Prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). However, the Court may appoint counsel in the interests of justice to any person seeking relief pursuant to 28 U.S.C. § 2255 who is

financially unable to obtain representation. In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986). The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir. 1989).

Tuttle has not provided the Court with any information to suggest that the interests of justice require the appointment of counsel at this time. Tuttle is capable of articulating his claims to the Court, and it is apparent that his claims can be addressed and reviewed solely by means of the record before the Court. Accordingly, Tuttle's motion for appointment of counsel (ECF No. 82) is DENIED.

## CONCLUSION

Tuttle is directed to select one of the two options outlined in this Order regarding his habeas petition, and shall notify the Court of which option he selects within 10 days of receiving this Order. Based on Tuttle's selection, the parties shall proceed under the timelines outlined above.

Tuttle's outstanding motions to supplement, amend, dismiss, or for similar relief (ECF Nos. 85, 87, 90, 91, 92, 93, 94, 95, 96, 101, 102, 108, 109, 111, 112, 113, 115, 166, 118, 119,

120, 121, 122, 123, 124) are DENIED, as is Tuttle's application for the appointment of counsel (ECF No. 82).

    IT IS SO ORDERED.

DATED:    May 31, 2017
              Rochester, New York

                                               HON. FRANK P. GERACI, JR.
                                               Chief Judge
                                               United States District Court