UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD TUTTLE,

                      Petitioner,

                                                          Case # 13-CR-6109-FPG
                                                                16-CV-6747-FPG

v.

                                                          DECISION AND ORDER

UNITED STATES OF AMERICA,

                      Respondent.

On May 31, 2017, after Petitioner Ronald Tuttle engaged in a pattern of repetitive and abusive filings for six months, the Court issued an Order that denied his 34 outstanding motions and presented him with two options to move his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 forward. ECF No. 125. Those options were as follows:

> Option One: Tuttle could proceed on his original and supplemental habeas petitions (ECF Nos. 78, 79) without the numerous supplements that he filed.
>
> Option Two: Tuttle could re-cast his original filings. His original petitions and supplemental filings would be deemed withdrawn and would be replaced with an amended petition of no more than 40 pages due by July 17, 2017.

*Id.* at 3.

Under both options, the government would have 45 days to respond to the original petition or amended petition and Tuttle would have 20 days to reply to the government's response. Tuttle was ordered to notify the Court in writing whether he wished to proceed under Option One or Option Two. On June 9, 2017, Tuttle informed the Court that he selected Option Two and submitted a 40-page amended petition. ECF No. 128. The government responded on July 25, 2017. ECF No. 140.

Accordingly, because Tuttle selected Option Two, his original and supplemental filings (ECF Nos. 78, 79) are deemed withdrawn, and the relevant pleadings in this case are now Tuttle's amended petition (ECF No. 128) and the government's response (ECF No. 140).

Even though Tuttle made his selection and the Court's prior order warned him that "repetitive and abusive filings are not appropriate and will not be tolerated" (ECF No. 125 at 2), Tuttle has continued to make numerous improper submissions. Specifically, over the last six months, Tuttle has filed 21 motions totaling 384 pages of materials. ECF Nos. 126, 142, 144, 149, 150, 151, 152, 153, 155, 156, 157, 160, 161, 162, 163, 165, 166, 168, 169, 170, 171. Most recently, he filed four motions in one week. Tuttle has also written 19 letters to the Court totaling 140 pages, wherein he seeks similar relief and makes similar demands to those set forth in his motions. ECF Nos. 127, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 143, 145, 147, 148, 159, 164, 167.

Tuttle generally seeks to supplement and amend his prior submissions and introduce "new evidence," and he repeatedly demands that the Court "review his case immediately." Tuttle asserts that the Court's prior Order "clearly stated" that it would review his case within 45 days of him selecting Option One or Option Two, however, the Court's Order made no such promise—it specifically stated that the government, *i.e.* the respondent in this case, would have 45 days to respond to Tuttle's petition. ECF No. 125 at 3. The Order noted that "the Court will then issue a ruling on the Petition," which indicates that the matter would be fully briefed and ready for decision, not that the Court would decide this case within a specified timeframe.

Ironically, Tuttle's excessive filings are preventing the timely adjudication of his Petition, because the Court is taxed with regularly reviewing his submissions. Page limitations and scheduling orders exist so that the Court can efficiently move cases toward their resolution and

provide litigants with a fair opportunity to concisely present their arguments.  Tuttle has failed to abide by the Court's orders in this case, and he is again warned that further abusive filing practices may lead to "sanctions, including restrictions on future access to the judicial system."  *See, e.g.*, *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted).

Because Tuttle's filings are repetitive, abusive, and do not allow the parties or the Court to respond or address his arguments in an organized fashion, his motions to supplement, amend, introduce new evidence, obtain immediate review of his case, and for similar relief are all DENIED.

## CONCLUSION

Because Tuttle selected Option Two, his original and supplemental filings (ECF Nos. 78, 79) are deemed withdrawn.  Tuttle's outstanding motions (ECF Nos. 126, 142, 144, 149, 150, 151, 152, 153, 155, 156, 157, 160, 161, 162, 163,165, 166, 168, 169, 170, 171) are DENIED.  Tuttle is warned that further repetitive and abusive filings will result in sanctions.  The Court has the papers it needs to rule on his amended petition (ECF Nos. 128, 140) and will issue a decision in due course.

IT IS SO ORDERED.

Dated: December 16, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court