UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                                                                   Case # 13-CR-6109-FPG

v.

                                                                                                                   DECISION AND ORDER AND
                                                                                                                   ORDER TO SHOW CAUSE

RONALD TUTTLE,

                                   Defendant.
_____

## INTRODUCTION

On September 29, 2014, a jury found Defendant Ronald Tuttle guilty on Counts 1 through 4 of the Indictment, ECF No. 10, which charged him with conspiring to import, possess, and distribute a substance containing 3, 4—methylenedioxypyrovalerone, a Schedule I controlled substance commonly known as "MDPV" and found in some versions of the recreational drug commonly known as "bath salts." ECF No. 59.

The Court sentenced Defendant on January 5, 2015, to four concurrent terms of ninety-seven months of incarceration and three years of supervised release. ECF No. 66. Judgment was entered on January 6, 2015. ECF No. 67.

Defendant appealed from the judgment on January 20, 2015, and the United States Court of Appeals for the Second Circuit affirmed it on September 6, 2016. ECF Nos. 68, 77.

On November 23, 2016, Defendant filed a petition to vacate his conviction under 28 U.S.C. § 2255. ECF No. 78. The Court dismissed his petition on April 24, 2018, and declined to issue a certificate of appealability. ECF No. 178.

On July 2, 2018, Defendant appealed the Court's decision and order dismissing his petition. ECF No. 197. The Second Circuit dismissed Defendant's appeal on April 10, 2019, concluding that he had not made a substantial showing of the denial of a constitutional right. ECF No. 206.

After filing his petition, Defendant engaged in a flurry of litigation. Between November 23, 2016, and now, Defendant has filed sixty-nine motions, thirty-three letters, and two memoranda, for a total of one hundred and four filings. ECF Nos. 79, 81-85, 87, 89-97, 99-109, 111-13, 115-24, 126-27, 130-39, 141-45, 147-53, 155-57, 159-171, 173-177, 179, 181-83, 185, 187-188, 190, 193, 195-96, 199, 201, 203, 205, 207-08, 211-214, 215. Defendant averaged over three filings per month in the thirty months since November of 2016.

While a select few of the filings respond to Court orders or the Government's submissions, the vast majority repeat previously-filed motions or reflect Defendant's impatience with the pace of his case. The Court issued five orders resolving large swaths of Defendant's motions and warned him in each that continued, repetitive filings could result in sanctions including restrictions on future access to the judicial system. ECF Nos. 125, 172, 186, 189, 194.

Before the Court are three motions, two by Defendant and one by the Government. Defendant moves the Court to return the $505 filing fee he paid for the notice of appeal filed on July 2, 2018, ECF Nos. 197, 205, 214, and to reduce his sentence. ECF Nos. 207-08, 212-13, 215. The Government opposes the latter motion and moves the Court to sanction Defendant by barring all of Defendant's future filings. ECF No. 210. For the following reasons, Defendant's motions are DENIED, the Government's motion is GRANTED IN PART and DENIED IN PART, and Defendant is ordered to show cause in writing by August 2, 2019, why the Court should not institute a filing sanction against him according to which the Court would review all motions and letters submitted by Defendant to determine if they should be filed.

**DISCUSSION**

**I.     Filing Fee**

Defendant first moves the Court to return the $505 filing fee he paid for his appeal. ECF No. 205, 214. In his motion, he argues that he mistakenly paid the fee after he filed a motion for reconsideration with the Second Circuit and when the case was closed. ECF No. 205 at 1, 214 at 1-2. The Court is not persuaded.

All litigants, including prisoners who move to appeal and cannot afford the filing fee, are required to pay a filing fee to appeal their cases to the Second Circuit. *Goins v. Decaro*, 241 F.3d 260, 260-62 (2d Cir. 2001) (citing and explaining the Prison Litigation Reform Act of 1995 (PLRA) and 28 U.S.C. 1915(b)). And all litigants, including prisoners who appeal and cannot afford the filing fee, may not receive a refund of their filing fee, even if they withdraw their appeals or their cases are summarily dismissed. *Id.* ("[F]ee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others.").

Here, Defendant appealed the Court's dismissal of his petition for a writ of habeas corpus. ECF No. 197. He did not appeal *in forma pauperis* but, as explained above, even if he had, he still would have been required to pay the fee. The Second Circuit reviewed his case and dismissed his appeal. ECF No. 206. As the Second Circuit explained, Defendant is not entitled to a refund of his filing fee and, therefore, the Court denies his motion

**II.     Sentence Reduction**

Defendant next moves the Court to reduce the sentence it imposed on January 5, 2015. ECF Nos. 207-08, 212-13, 215. He first argues that his sentence should have been reduced because

the United States Sentencing Commission (USSC) voted to lower the base offense level for particular drug-related offenses.[1]  Second, he argues that the Court acknowledged that his base offense level should be lower by stating that the Government could only prove a fraction of the drug transactions in which Defendant was involved.  Both arguments fail.

Under 18 U.S.C. § 3582(c), the Court may modify a term of imprisonment after the Court has imposed it in only limited circumstances.  First, the Court may modify it if the Director of the Bureau of Prisons or the defendant moves to modify it, "extraordinary and compelling reasons warrant such a reduction" or "the defendant is at least 70 years of age," and the reduction is consistent with the USSC's policies.  18 U.S.C. § 3582(c)(1)(A).  The defendant may move only if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or" thirty days have passed since "the warden of the defendant's facility" received the request, "whichever is earlier."  *Id.*  Second, the Court may reduce a sentence if permitted by statute or Federal Rule of Criminal Procedure 35.  18 U.S.C. § 3582(c)(1)(B).  Finally, the Court may reduce a sentence if the USSC subsequently lowers a sentencing range that applied to the defendant.  18 U.S.C. § 3582(c)(2).

None of these exceptions apply here.  The USSC's reduction, which went into effect on November 1, 2014, was applied to Defendant's sentencing calculations; his own attorney acknowledged so in Defendant's sentencing statement.  ECF No. 65 at 10-11 ("The [G]overnment, in [Defendant's] case, agrees that a downward variance of two levels should be granted" based on the USSC's unanimous vote "to lower the base offense level in the

---

[1] Defendant avers that Congress passed the reduction, but no such law exists.  He can only be referring to the USSC's action.

Sentencing Guidelines Drug Quantity Table" on "November 1, 2014").[2] The third exception thus does not apply.

The second exception also does not apply. FRCP 35 does not entitle Defendant to a reduction, and he has not cited a statute that does so and the Court is not aware of one.

Finally, the first exception does not apply for two reasons. Defendant has not shown that he petitioned the Bureau of Prisons to move for a reduction on his behalf. Even if he had, he does not argue that "extraordinary and compelling reasons" support a reduction; he argues, instead, that the Court committed a procedural error at his original sentencing. The Court does not have authority to conduct such a review under 18 U.S.C. § 3582(c). *See United States v. Mock*, 612 F.3d 133, 136 (2d Cir. 2010). Consequently, Defendant's motion is denied.

## III. Filing Sanction

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984). Consequently, district courts, in their discretion, may "impose sanctions against litigants who abuse the judicial process" after notice of the sanction and an opportunity to be heard if the litigants' conduct evinces "extraordinary circumstances, such as demonstrated history of frivolous and vexatious litigation." *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 69 (2d Cir. 2012) (summary order) (citations omitted). Sanctions may include, among other things, prohibiting a litigant from filing pleadings, motions, or appeals. *Id.* (citation omitted).

Defendant's conduct constitutes the "extraordinary circumstances" that justify a filing sanction. Put simply, Defendant has filed nearly one hundred repetitive and frivolous motions and

---

[2] United States Probation and Pretrial Services also reviewed Defendant's case file and concluded that he was properly afforded the reduction at sentencing.

letters and continued to do so after the Court repeatedly warned him that his conduct could result in sanctions.

Defendant's filings, however, do not justify the overbroad relief the Government seeks. While he repeatedly files motions and letters, he does not repeatedly file all types of submissions. For example, he does not repeatedly file complaints in the same action or actions against a defendant or group of defendants.[3]

Thus, the Court favors the "less drastic remedy" of a leave-of-court requirement, pursuant to which the Court may institute a pre-filing review system whereby Court officials will examine Defendant's motions and letters to determine whether they are frivolous and vexatious and, therefore, will not be filed, or if they are non-frivolous and will be filed. *See In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993).

The Court notes, finally, that while it has repeatedly given Defendant notice that he may be sanctioned, Defendant has not had the opportunity to be heard as required. Accordingly, the Court orders Defendant to show cause in writing by August 2, 2019, why the Court should not institute a filing sanction against him according to which the Court would review all motions and letters submitted by Defendant to determine if they should be filed. Defendant is warned that the Court will institute the filing sanction against him if he does not show cause in writing by August 2, 2019, as ordered.

## CONCLUSION

For the foregoing reasons, Defendant's motions, ECF Nos. 205, 207-08, 212-15, are DENIED, the Government's motion, ECF No. 210, is GRANTED IN PART and DENIED IN

---

[3] Defendant is only involved in one other case before this Court: *Ronald Tuttle v. Francis Zabawa, et al.*, case number 18-cv-6571. In that case, however, which is only eleven months' old, he has filed twenty motions, four letters, and one memorandum. ECF Nos. 7-11, 13-14, 16, 17-24, 26-27, 29, 32, 35-37, 40-41.

PART, and Defendant is ordered to show cause in writing and by August 2, 2019, why the Court should not institute a filing sanction against him according to which the Court would review all motions and letters submitted by Defendant to determine if they should be filed. Defendant is warned that the Court will institute the filing sanction against him if he does not show cause in writing by August 2, 2019, as ordered.

IT IS SO ORDERED.

Dated: July 1, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court