UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RONALD TUTTLE,

Defendant.

Case # 13-CR-6109-FPG

DECISION & ORDER

# INTRODUCTION

On July 30, 2013, a federal grand jury returned an four-count Indictment against Defendant Ronald Tuttle, charging him with: conspiracy to possess with the intent to distribute, and to distribute, 3, 4-methylenedioxypyrovalerone ("MDPV"), and attempt to possess with intent to distribute, MDVP, in violation of 21 U.S.C. § 846; conspiracy to import 3, 4-MDVP in violation of 21 U.S.C. § 963; and importation of MDVP in violation of 21 U.S.C. § 952(a).  ECF No. 10. On September 26, 2014, a jury returned guilty verdicts on all counts.  ECF No. 60.  The Court sentenced[1] Defendant to a 97-month term of imprisonment with 3 years' supervised release on January 5, 2015.  ECF Nos. 66, 67.

Defendant has sought compassionate release from this Court nine times. ECF Nos. 228, 233, 236, 237, 239, 240, 243, 245, 247. The Court has denied each of these motions. ECF Nos. 241, 244, 246, 248. Defendant was instructed to refrain from filing further repetitive motions for compassionate release absent a change in circumstances.

On December 21, 2020, Defendant filed a motion for miscellaneous relief, ECF No. 249, and on December 28, 2020, he filed a letter, ECF No. 250.  In both filings he requests that he be

---

[1] Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Court denied in its entirety. ECF No. 172.

1

released from custody due to the COVID-19 Pandemic, and argues that the Bureau of Prisons improperly calculated his time and that he should have been released to a halfway house.

## DISCUSSION

With respect to Defendant's request to be released pursuant to the compassionate release provisions of the First Step Act, the Court has previously and extensively addressed these arguments and found them not to be convincing. As previously discussed, there are no "extraordinary and compelling reasons" justifying release nor does Defendant address how the sentencing factors in 18 U.S.C. § 3553 militate in favor of his release.

With respect to his release to a halfway house, Defendant does not dispute that his sentence expires in 2022 and that he is therefore properly in the custody of BOP. ECF No. 249 at 5. Rather, he appears to dispute the BOP's calculation of his date of release from prison to a halfway house.[2] However, the Court has no authority to direct the BOP as to how to carry out Defendant's sentence. *United States v. McCarthy*, 453 F. Supp. 3d 520, 522 (D. Conn. 2020) ("The court denies McCarthy's Motion insofar as it moves the court to order the BOP to designate a halfway house as the place of confinement where McCarthy would serve the remainder of his sentence. The court has no authority to direct the BOP as to how McCarthy's sentence is carried out."); *see United States v. Kanagbou*, 726 F. Appx. 21, 25 n.1 (2d Cir. 2018) ("[I]t is well established that the district court does not control how the Executive Branch carries out a defendant's sentence.") (citing 18 U.S.C. § 3621(b)).

To the extent Defendant argues that the BOP miscalculated his sentence, such a claim amounts to a challenge of the execution of his sentence under 28 U.S.C. § 2241. "It is well-established that a challenge to the execution of a federal sentence, such as 'the administration of

---

[2] The BOP indicates that Defendant is scheduled to be transferred to a Volunteers of America halfway house in August 2021. ECF No. 235.

parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions,' must be filed in the district of incarceration." *Vincent v. W. Dist. Court of U.S.*, No. 11-CV-581S M, 2011 WL 4975908, at *1 (W.D.N.Y. Oct. 19, 2011). There is no dispute that Defendant is incarcerated in Louisiana, not in this District, and thus any such challenge is not properly before this Court.

## CONCLUSION

For these reasons and the reasons explained in the Court's previous Orders, Defendant's requests, ECF Nos. 249, 250, are DENIED.

The Court again reminds Defendant to refrain from filing any further motions for compassionate release absent a change in circumstances.

IT IS SO ORDERED.

Dated: January 6, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court