UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RONALD TUTTLE,

　　　　　　　　　Defendant.

13-CV-06109-FPG

DECISION AND ORDER

## INTRODUCTION

On February 3, 2023, Defendant Ronald Tuttle, proceeding *pro se*, filed a motion for miscellaneous relief in which he argues that an alleged miscalculation of his term of imprisonment warrants termination of supervised release. ECF No. 266. On March 24, 2023, the Court directed the Government and Probation to respond to Defendant's motion. ECF No. 268. The Government and Probation did not respond to the motion.

For the reasons set forth below, Defendant's motion for miscellaneous relief is DENIED.

## DISCUSSION

Under 18 U.S.C. § 3583, a district court may modify an individual's conditions of supervised release, § 3583(e)(2), or terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Further, 18 U.S.C. § 3624(e) provides:

> "A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned

1

in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

18 U.S.C. § 3583, by its own necessary operation, "does not reduce the length of a supervised release term by reason of excess time served in prison." *U.S. v. Johnson*, 529 U.S. 53, 60 (2000). The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. *Id*. at 59. Congress intended supervised release to assist individuals in their transition to community life and fulfill rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); *see also* S.Rep. No. 98–225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a).

Here, Defendant alleges that he did not receive credit for time he spent in custody post-sentencing and prior to his commitment to the federal facility at which he was to serve his term of imprisonment, Oakdale Federal Detention Center. ECF No. 266 at 2. Defendant alleges that he was in custody from approximately January 5, 2015, the date of sentencing, and February 2, 2015, the date he was committed and did not receive credit for this period. ECF No. 266 at 11. Because the relevant statute, however, does not authorize the Court to reduce the "length of a supervised

release term by reason of excess time served in prison[,]" *U.S. v. Johnson*, 529 U.S. 53, 60 (2000), Defendant's request must be denied, assuming *arguendo* that Defendant served excess time. Because incarceration and supervised release serve distinct ends, the Court cannot terminate Defendant's supervised release on the basis alleged in his Motion. *See Johnson*, 529 U.S. at 60.

To the extent Defendant requests termination of supervised release because he, *inter alia*, "present[s] no threat to [the] public," the Court denies this request. As discussed, a district court "may discharge a defendant and terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" 18 U.S.C. § 3583(e)(1); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013). In making such a determination, courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context. *See* 18 U.S.C. § 3583(e)(1).

The Court has considered the factors set forth in § 3553(a) and concludes that early termination of supervised release is not warranted at this time. On September 26, 2014, Defendant was found guilty of conspiracy to possess with the intent to distribute, and to distribute, 3, 4-methylenedioxypyrovalerone ("MDPV"), and attempt to possess with intent to distribute, MDVP, in violation of 21 U.S.C. § 846; conspiracy to import 3, 4-MDVP in violation of 21 U.S.C. § 963; and importation of MDVP in violation of 21 U.S.C. § 952(a). ECF No. 10. On January 5, 2015, the Court sentenced Defendant to a 97-month term of imprisonment with 3 years' supervised release. ECF Nos. 66, 67. Defendant's term of supervised release began on January 14, 2022,

following his release from the Residential Reentry Center.  ECF No. 266.  Defendant has completed at least one full year of supervision and displayed "sufficient compliance with the terms of his conditions."  ECF No. 266.

Still, compliance with the terms of supervision, by itself, does not entitle a defendant to early termination.  *United States v. Jimenez*, Nos. 99 Cr. 1110–02, 99 Cr. 1193–04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept.5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y.1998).  Everyone serving a sentence of supervised release is required to comply with the conditions of supervision and faces serious sanctions for any substantial failure to do so.  18 U.S.C. § 3583(e), (g); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013).  Compliance with conditions of supervision may be a prerequisite to early termination, but it does not satisfy the interest-of-justice test for early discharge from supervised release in light of the general purposes of sentencing referred to in § 3583(e)(1).  *Black*, 2013 WL 2527371 at *3.

Accordingly, the Court declines to exercise its discretion to terminate Defendant's supervised release early.  Petitioner's motion for miscellaneous relief, ECF No. 266, is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4