UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RONALD TUTTLE,

Defendant.

13-CR-06109-FPG

DECISION AND ORDER

## INTRODUCTION

On July 30, 2013, a federal grand jury returned a four-count indictment against Defendant Ronald Tuttle, charging him with: conspiracy to possess with the intent to distribute, and to distribute, 3, 4-methylenedioxypyrovalerone ("MDPV"), and attempt to possess with intent to distribute, MDVP, in violation of 21 U.S.C. § 846; conspiracy to import 3, 4-MDVP in violation of 21 U.S.C. § 963; and importation of MDVP in violation of 21 U.S.C. § 952(a). ECF No. 10. On September 26, 2014, a jury returned guilty verdicts on all counts. ECF No. 60. The Court sentenced Defendant to a 97-month term of imprisonment with 3 years' supervised release on January 5, 2015. ECF Nos. 66, 67. Defendant's term of supervised release began on January 14, 2022, following his release from a halfway house. ECF No. 266. During Defendant's term of imprisonment and following his release, Defendant brought numerous motions before the Court. *See* ECF Nos. 172, 186, 189, 248, 260, 262. Defendant's "repetitive" and "abusive" filing practices caused the Court to impose a filing sanction against him on October 31, 2019. ECF No. 222; *see also* ECF No. 217 at 5, 7.

Defendant has several pending items before the Court. On May 19, 2023, Defendant, proceeding *pro se*, brought a motion to set aside a judgment for fraud on the Court pursuant to Federal Rule of Civil Procedure 60(d)(3). ECF No. 270. On May 22, 2023, Defendant filed "supplemental evidence[,]" which he styled as an additional motion for fraud on the Court, in

1

support of his prior motion.  ECF No. 271.  On June 14, 2023, Defendant filed a "motion to compel" in which he appears to request immediate action with respect to his prior motion and alleges that this Court is biased against him.  ECF No. 273.  On June 16, 2023, Defendant moved for recusal of the undersigned from this action under 28 U.S.C. § 144, alleging "personal bias" and recapitulating the allegations made in his "motion to compel."  ECF No. 274.  On October 24, 2024, Defendant filed a "motion to strike[,]" or "amendback" under Fed. R. Civ. P. 15(c), in which he appears to request that the Court strike all pending motions, except for the Rule 60(d)(3) motion that he filed on May 19, 2023.  ECF No. 280.  The Government has not responded to any motion.

For the reasons below, Defendant's motion to set aside a judgment for fraud on the Court is DENIED, Defendant's "motion to compel" is DENIED AS MOOT, Defendant's motion for recusal is DENIED, and Defendant's "motion to strike" is DENIED.

## DISCUSSION

### I.   Motion to Strike

Defendant has filed a "motion to strike" in which he appears to request that all pending motions be stricken under Fed. R. Civ. P. 15(c), in order to "free up [the] docket," except for his Rule 60(d)(3) motion, in order to enable the Court to address his Rule 60(d)(3) motion faster.  ECF No. 280.  While the Court has authority under Fed. R. Civ. P. 12(f) to strike from a "*pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" (emphasis added), the Court can discern no authority by which the Court may strike a pending motion, as Defendant requests.

First, Fed. R. Civ. P. 15(c) governs the "relation back" of an amendment to pleadings, not motions.  Pleadings are not at issue here, and Defendant is not requesting amendment of any document, let alone a pleading.  Rather, Defendant requests that certain documents be stricken. Second, similarly, Fed. R. Civ. P. 12(f), by its terms, relates only to pleadings and "does not pertain

to other documents filed with a court." *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966). "Matter[s] outside the pleadings normally [are] not considered on a Rule 12(f) motion." *Silva v. Swift*, 333 F.R.D. 245, 247-48 (N.D. Fla. 2019). Thus, Rule 12(f) does not authorize courts to strike portions—or even the entirety—of documents that are not pleadings.

Not every document submitted to a court in a civil action is a "pleading." Federal Rule of Civil Procedure 7(a) states that "pleadings" consist of "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). For purposes of Rule 7(a) and 12(f), motions are not pleadings. *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984); *Canadian Overseas Ores Ltd. v. Compania de Acero del Pacifico SA*, 727 F.2d 274, 277 (2d Cir. 1984).

Therefore, courts have consistently held that Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions. *See Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) (summary order) (noting that a court is not authorized to strike a motion for summary judgment because such motions are not pleadings); *Reed v. City of Memphis, Tenn.*, 735 F. App'x 192, 197 (6th Cir. 2018) (summary order) (observing that affidavits "are not pleadings subject to motions to strike under Rule 12(f)"). Accordingly, Defendant's motion to strike is denied and the Court will consider the pending motions on the merits.

**II.   Recusal**

Defendant has moved for recusal of the undersigned from this action, under 28 U.S.C. § 144, alleging, *inter alia*, that the Court has a "personal bias" against him. ECF No. 274. For the reasons below, this motion is denied.

Defendant alleges as a basis for the motion that, at an unknown time during his term of imprisonment, the undersigned made remarks to Defendant's mother evidencing a racial bias or

3

prejudice against Defendant's mother and indigenous peoples, and stated that Defendant would never be released from prison. ECF No. 274 at 2-3. Defendant further asserts in conclusory fashion that he was "oversentenced."[1] *Id*. at 4-5.

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144(a). "As a general rule, the alleged bias must stem from an 'extrajudicial source'—that is, the alleged prejudice cannot derive solely from the court's rulings or statements from the bench." *United States v. Jones*, No. 99-CR-264, 2002 WL 32086511, at *3 (D. Conn. Aug. 16, 2002).

First, Defendant's motion for recusal is legally insufficient under Section 144 to establish that this Court has exhibited a personal bias or prejudice against Defendant himself or his interests so as to warrant recusal because he has not submitted an affidavit to support the allegations he presents. *See United States v. Kendrick*, No. 10-CR-6096-FRG, 2013 WL 3968023, at *5 (W.D.N.Y. July 31, 2013) (Section 144 motion insufficient because litigant submitted no affidavit, but denying motion on other grounds). Second, even if the Court were to overlook this deficiency on the basis of Defendant's *pro se* status, the motion for recusal pursuant to Section 144 would warrant denial because it sets forth grossly conclusory and inflammatory allegations, without evidentiary support. ECF No. 274 at 2. Absent evidentiary support, beyond Defendant's threadbare allegations, the Court is not convinced, as it must be, that an "objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice could not be done [in this case] absent recusal[.]" *U.S. v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)

---

[1] To the contrary, Defendant received a guideline range sentence of 97 months. *See* ECF Nos. 66, 67. The Court accordingly does not address this argument.

4

(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). Accordingly, Defendant's motion for recusal is denied.

### III. Fraud on the Court

Defendant has moved to set aside a judgment for fraud on the Court pursuant to Federal Rule of Civil Procedure 60(d)(3). ECF No. 270. Even "liberally construing" Defendant's *pro se* submissions to raise "the strongest arguments that they suggest[,] Defendant's motion is without merit. *See O'Neal v. Spota*, 744 F. App'x 35, 36 (2d Cir. 2018) (summary order) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

Rule 60(d)(3) permits a petitioner to bring an independent action challenging an earlier judgment as caused by fraud on the court. Fed. R. Civ. P. 60(d)(3). A fraud upon the court occurs where it is established by "clear and convincing" evidence "that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by … unfairly hampering the presentation of the opposing party's claim or defense." *New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*, 432 Fed. App'x 25 (2d Cir. 2011) (summary order) (quoting *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 439 (S.D.N.Y. 2002)) (internal quotation marks omitted); *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002); *see also Hargrove v. Riley*, No. 04 Civ. 4587, 2007 WL 389003, at *11 (E.D.N.Y. Jan. 31, 2007); *Intelli–Check, Inc. v. TriCom Card Techs., Inc.*, No. 03 Civ. 3706, 2005 WL 3533153, at *11 (E.D.N.Y. Dec. 22, 2005).

A movant claiming fraud upon the court bears the burden of proving the sanctionable conduct by "clear and convincing evidence." *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393-94 (S.D.N.Y. 2010). Under this high standard, the Court may only find a fraud upon the court based on evidence that "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and

convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Blair v. Inside Ed. Prods.*, 7 F. Supp. 3d 348, 358 (S.D.N.Y. 2014). Thus, the proof must be "highly probable" and "leave[ ] no substantial doubt." *Waran v. Christie's Inc.*, 315 F. Supp. 3d 713, 718-19 (S.D.N.Y. 2018) (quoting *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013)); *Garcia v. Griffin*, No. 16CV2584ALCRWL, 2021 WL 1577679, at *2 (S.D.N.Y. Apr. 22, 2021).

The type of fraud upon the court that can sustain an independent action under Rule 60(d) is "narrower in scope" than fraud upon the court claims brought under Rule 60(b), which allows for claims brought during the course of litigation. *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order). Rule 60(d) fraud upon the court claims are available only where the fraud "seriously affect[s] the integrity of the normal process of adjudication." *Id.* (internal quotation marks and alterations omitted). In short, independent actions for fraud upon the court are available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

Defendant provides no evidence to meet the stringent standard of fraud on the Court. Defendant asserts that during trial (i) "case chemist" James Disarno tested the "wrong powder" and provided "incorrect testimony" about different powder than what was initially seized; (ii) Officer Faruk Aliu witnessed "white powder" within a bag that was connected to Defendant; (iii) most relevantly, Agent Amy Golata testified that she saw a "tan colored substance" or powder in a bag that was connected to Defendant before it was initially seized; and (iv) Michael Garinger, government witness, provided false and perjured testimony.[2]  ECF No. 270 at 1-6, 19-22.

---

[2] Defendant also appears to assert procedural due process claims under the Fifth Amendment that he claims constitute "fraud on the court" under Rule 60(d)(3). *See* ECF No. 270 at 7-18. Such claims invite legal conclusions that are beyond the "narrow[]" scope of Rule 60(d). *LinkCo, Inc.*, 367 F. App'x at 182. The Court accordingly does not address such claims.

6

Assuming *arguendo* that Defendant's assertions are true, such conduct would not amount to fraud upon the Court.

Defendant fails to offer any evidence of "fraud on the court" within the meaning of Rule 60(d). Fed. R. Civ. P. 60(d)(3). Defendant's allegations of fraud upon the court are conclusory at best, *see* ECF No. 270, and his allegations regarding the testimony of Disarno, Aliu, and Golata amount to no more than an alleged inconsistency in testimony between witnesses, which does not constitute "clear and convincing" evidence that renders it "highly probable" and "leaves no substantial doubt" that a "grave miscarriage of justice" occurred at trial, as is required under Rule 60(d). *Waran*, 315 F. Supp. 3d at 718-19; *Beggerly*, 524 U.S. at 46. In addition, with respect to the alleged testimony of Garinger, it is well-settled that false testimony and "perjury or fabricated evidence are not grounds for relief as 'fraud on the court.'" *Great Coastal Exp., Inc. v. Int'l Broth. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982); *see also, e.g., Pentagen Techs., Int'l Ltd. v. CACI Int'l, Inc.*, 282 F. App'x 32, 34 (2d Cir. 2008) (summary order). Moreover, even assuming Defendant's allegations of inconsistent and false testimony are true, "where a party has the motivation and means to uncover the fraud during the litigation itself," as Defendant did, "it cannot pass on that opportunity and later challenge the fraud via Rule 60(d)(3)." *Rusk v. New York State Thruway Auth.*, No. 10-CV-544-FPG, 2021 WL 230917, at *6 (W.D.N.Y. Jan. 22, 2021); *see Gleason v. Jandrucko*, 860 F.2d 556, 559-60 (2d Cir. 1988); *Great Coastal*, 675 F.2d at 1357 ("Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.").

"Fraud on the court … is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury[,]" which Defendant has alleged. *Baltia Air Lines, Inc. v. Transaction Mgt., Inc.*, 98 F.3d 640, 642-43 (D.C. Cir. 1996).

"Fraud upon the court refers only to very unusual cases involving far more than an injury to a single litigant." *Id*. 642-43.

In sum, because Defendant alleges no circumstances that pass muster under the stringent standard for relief under Rule 60(d), Defendant's motion to set aside a judgment for fraud on the Court is denied.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to set aside a judgment for fraud on the Court is DENIED, Defendant's "motion to compel" is DENIED AS MOOT, Defendant's motion for recusal is DENIED, and Defendant's "motion to strike" is DENIED.

IT IS SO ORDERED.

Dated: November 17, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] Because the Court denies Defendant's Rule 60(d) motion, Defendant's "motion to compel[,]" in which he appears to request immediate action with respect to the 60(d) motion, is denied as moot.